IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHARIF JORDAN-BEY, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-3608 |
| | : | |
| BLANCH CARNEY, *et al.*, | : | |
|     Defendants. | : | |

**<u>MEMORANDUM</u>**

**MARSTON, J.**                                                                                              **AUGUST 18, 2021**

Plaintiff Sharif Jordan-Bey, a pretrial detainee being held at the Philadelphia Industrial Correctional Center ("PICC"), filed this civil action pursuant to 42 U.S.C. § 1983. Named as Defendants are Judge Timika Lane of the Philadelphia County Court of Common Pleas, Rachel J. Echmendia, identified as a defense attorney, the City of Philadelphia Department of Prisons, Commissioner of Prisons Blanche Carney,[1] and PICC Warden Michelle Ferrell. Jordan-Bey seeks to proceed *in forma pauperis* and has submitted a copy of his institutional account statement. For the following reasons, the Court will grant Jordan-Bey leave to proceed *in forma pauperis* and dismiss his Complaint in part with prejudice and in part without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

---

[1] The spelling of Defendant Carney's first name is not consistent in the Complaint.

[2] Jordan-Bey originally filed this case without paying the filing fee or moving to proceed *in forma pauperis*. Also, the Complaint he submitted was unsigned. (*See generally* Doc. No. 1.) In an Order filed on July 31, 2020, Jordan-Bey was directed to pay the filing fee or move for *in forma pauperis* status by submitting a motion along with his institutional account statement and submit a signed copy of his pleading. (Doc. No. 3.) His Motion and account statement were received on August 10, 2020. (Doc. Nos. 4 & 5.) On August 9, 2020, the Court again filed an order directing Jordan-Bey to sign his Complaint and return it to the Court within thirty days. (Doc. No. 6.) When he failed to do so, the Court filed an order on October 6, 2020 dismissing the case without prejudice for failure to prosecute. (Doc. No. 7.) Jordan-Bey submitted a signed

I.      **FACTUAL ALLEGATIONS**

Jordan-Bey's allegations are not easy to understand because he has couched may of his allegations in conclusory legalisms and Moorish sovereign citizen verbiage. He asserts that he has been brainwashed and has endured mental stress and psychological trauma. (Doc. No. 8 at ¶ 12.) Apparently, he has been confined at PICC during a COVID-19 outbreak. (*Id.* at ¶¶ 14–17.) He asserts that "criteria" called for the COVID-related release only of pretrial detainees being held for economic crimes below a certain dollar amount and these criteria are evidence of a "systemic racism society [that] is presently sickened by this criteria [since it] historically involves less than 5% of the African Americans incarcerated but who make up over 60% of the inmate population." (*Id.* at ¶ 24.) Further, he claims that the release criteria have "directed this tenacious and insidious virus to a particular class of people namely African Americans who make up 80% of those accused of these crimes." (*Id.* at ¶ 26.)

Jordan-Bey alleges he is housed with inmates who have been already convicted of crimes, "paid slave wages," given substandard medical treatment, and fed food lacking nutrients and vitamins. (*Id.* at ¶ 29.) He claims there are no "religious diets" although he does not specifically assert that he requires one or has asked for one. (*Id.*) He complains that the cost of phone service and commissary items available for purchase by inmates is excessive. (*Id.* at ¶ 30.) Jordan-Bey also alleges that he has "underlying medical conditions" – not otherwise specified – that create a substantial risk of serious harm and place him in mortal danger since twenty or more inmates in his housing unit have tested positive for COVID-19. (*Id.* at ¶¶ 32–34.) He claims that social distancing is not possible and prison officials "continue to play

---

copy of his Complaint on November 2, 2020. (Doc. No. 8.) In the accompanying Order, the Court will vacate the prior dismissal.

Russian Roulette with the very lives they've sworn to safeguard." (*Id.* at ¶ 35.) He makes numerous allegations concerning governmental and non-governmental entities' responses to the pandemic (*id.* at ¶¶ 37–55), and alleges that his continued detention, given the failure to take steps to safeguard inmates from the effects of the pandemic, violates the Eighth Amendment (*id.* at ¶¶ 60, 64). He also alleges that the defendants named in *Remick v. City of Philadelphia*, Civ. A. No. 20-1959 (E.D. Pa.) have failed to abide by their agreement to settle that litigation.[3] (*Id.* at ¶¶ 65–69.) Jordan-Bey appears to assert a deliberate indifference claim, and possibly an Equal Protection Clause violation, when he claims the "Respondents [sic] are knowingly disregarding a substantive risk of serious harm by keeping [him] incarcerat[ed] with his underlying medical conditions on the pretext that [he] should be excused from being given home confinement as other similarly situated to his alleged crime and race." (*Id.* at ¶ 73.) Finally, he also appears to assert violations of his speedy trial rights (*id.* at ¶ 74), and his First Amendment free exercise and redress rights (*id.* at ¶ 70). He seeks money damages from Defendants Lane, Echmendia, City of Philadelphia Department of Prisons, and Carney in their official capacities. (*Id.* at p. 24.)

## II. STANDARD OF REVIEW

The Court grants Jordan-Bey leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[4] Accordingly, 28 U.S.C. §

---

[3] At numerous times in his Complaint Jordan-Bey speaks in the plural and refers to actions that impacted other inmates and detainees at PICC. Because, as a *pro se* plaintiff Jordan-Bey may represent his own interests but may not represent others in federal court, *see Collinsgru v. Palmyra Bd. of Educ.*, 161 F.3d 225, 232 (3d Cir. 1998) ("The rule that a non-lawyer may not represent another person in court is a venerable common law rule."), *abrogated on other grounds by Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007), the Court will construe his references to other inmates as background information concerning his own claims.

[4] However, as Jordan-Bey is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  Conclusory allegations do not suffice. *Id.*  As Jordan-Bey is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III.   DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code, which provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

#### A.   Claims Against Judge Timika Lane

Jordan-Bey has named Judge Timika Lane as a Defendant because she "is legally responsible for the lack/denial of Due Process and the operation of the court procedures." (Doc. No. 8 at ¶ 12.)  Other than the assertion that claims are asserted against Judge Lane in her

"official capacity" (*id.* at p. 24), she is not otherwise mentioned in the Complaint. While it is not entirely clear, Jordan-Bey appears to assert civil rights claims against Judge Lane based on actions taken in her judicial capacity. To the extent his claim is based on Judge Lane's actions as a judge, it is not plausible. Judges are entitled to absolute immunity from civil rights claims that are based on acts or omissions taken in their judicial capacity, so long as they do not act in the complete absence of all jurisdiction. *See Stump v. Sparkman*, 435 U.S. 349, 355–56 (1978); *Harvey v. Loftus*, 505 F. App'x 87, 90 (3d Cir. 2012) (per curiam); *Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir. 2006) (per curiam). An act is taken in a judge's judicial capacity if it is "a function normally performed by a judge." *Gallas v. Sup. Ct. of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000). Moreover, "[g]enerally . . . 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Figueroa v. Blackburn*, 208 F.3d 435, 443–44 (3d Cir. 2000) (quoting *Barnes v. Winchell*, 105 F.3d 1111, 1122 (6th Cir. 1997)).

Because Judge Lane is absolutely immune from a § 1983 claim for money damages based upon actions taken in her judicial capacity, the claim against her will be dismissed. As noted, however, because the exact nature of Jordan-Bey's claim against Judge Lane cannot be determined, he will be permitted an opportunity to file an amended complaint if he intended to name Judge Lane as a defendant based on some non-judicial capacity act.

### B. Claims Against Defense Attorney Echmendia

Jordan-Bey asserts that Echmendia is "legally responsible for allowing, through the 'Ex Post Facto' Laws the Government(s) perfection of: Judicial Kidnapping, Advancement of Redlining & Decriminalization, and Denationlization." (Doc. No. 8 at ¶ 12.) Other than the assertion that claims are asserted against Echmendia in her "official capacity" (*id.* at p. 24), Echmendia, who appears to be a public defender in Philadelphia, is not otherwise mentioned in

the Complaint.  Although not entirely clear, it appears that Jordan-Bey asserts liability against her for a civil rights violation based on her actions as a defense attorney.  This claim is also not plausible.  "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted).  "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).  Because actions taken in her role as a defense attorney do not make her a state actor liable under § 1983 and there is no assertion upon which Echmendia could otherwise be deemed a state actor, Jordan-Bey's civil rights claim against her will be dismissed without prejudice.  Jordan-Bey shall have the opportunity to amend his complaint to the extent he can plausibly allege that Echmendia violated his rights while acting under color of state law.

        **C.**        **Claims Against the City of Philadelphia Department of Prisons**

City agencies are not suable entities under § 1983 because they do not have a separate legal existence.  *See Vurimindi v. City of Philadelphia*, Civ. A. No. 10-88, 2010 WL 3169610, at *1 (E.D. Pa. Aug. 10, 2010) (holding that under 53 Pa. Cons. Stat. § 16257, "no such department shall be taken to have had . . . a separate corporate existence, and hereafter all suits growing out of their transaction . . . shall be in the name of the City of Philadelphia"); *Vangjeli v. City of Philadelphia*, Civ. A. No. 15-1566, 2015 WL 5793926, at *3 (E.D. Pa. Sept. 30, 2015), *aff'd* 655 F. App'x 132 (3d Cir. 2016) (holding, based on 53 Pa. Cons. Stat. § 16257, that the Free Library is not an entity subject to suit since no department or agency of the City of Philadelphia has a separate corporate existence); *Bush v. City of Philadelphia Police Dep't*, 684 F. Supp. 2d 634, 636 (E.D. Pa. 2010) (dismissing the Philadelphia Police Department as a defendant because it is

not a legal entity separate from the City of Philadelphia); *Gremo v. Karlin*, 363 F. Supp. 2d 771, 780–81 (E.D. Pa. 2005) (dismissing City of Philadelphia Police Department and the City of Philadelphia Police Department Northeast Detective Division for the same reason).

As the Third Circuit has held, "the Philadelphia Prison System, [a] department[] of the City of Philadelphia itself, [is] not [a] proper defendant[]" in an action brought under § 1983. *Russell v. City of Philadelphia*, 428 Fed. App'x 174, 177 (3d Cir. 2011) (citing 53 Pa. Con. Stat. Ann. § 16257; *Bey v. City of Philadelphia*, 6 F. Supp. 2d 422, 423 (E.D. Pa. 1998)); *see also Durham v. Phila. Prison Sys.*, Civ. A. No. 18-2113, 2018 WL 3105589, at *2 (E.D. Pa. June 25, 2018) (explaining that the "Philadelphia Prison System is not an entity that is subject to suit separate from the City of Philadelphia") (citing 53 Pa. Cons. Stat. Ann. § 16257).  Because the Philadelphia Department of Prisons is not considered a "person" for purposes of § 1983, *Durham*, 2018 WL 3105589 at *2 (citing *Peele v. Phila. Prison Sys.*, Civ. A. No. 12-4877, 2015 WL 1579214, at *2 (E.D. Pa. April 8, 2015)), Jordan-Bey's claims against it are not plausible and are dismissed with prejudice.

    D.  **Claims Against Defendants Carney and Ferrell**

Jordan-Bey alleges that Defendant Carney, as the Commissioner of Philadelphia Prisons, is "legally responsible for the overall operation of each institution under its jurisdiction including [PICC]." (Doc. No. 8 at ¶ 12.)  Similarly, Defendant Ferrell, as the Warden of PICC, is allegedly "legally responsible for the operation of [PICC] and the welfare of Plaintiff." (*Id.*)  He makes no other specific factual allegation against Carney or Ferrell.

To the extent that Jordan-Bey asserts liability against Carney and Ferrell based upon their supervisory responsibilities at PICC, the claims against them are not plausible.  There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken

by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *rev'd on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)) (alteration in original). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Jordan-Bey's conclusory assertion that Carney and Ferrell are "legally responsible" officials is insufficient to state a plausible claim because he does not identify a policy, practice or custom of these Defendants that caused him harm, that they had knowledge of or acquiesced in the unconstitutional conduct of subordinates, or that they were personally involved in the situations he describes. His allegations about "criteria" that were allegedly applied in a discriminatory manner are too vague to premise liability since he does not identify with any specificity the nature of the criteria, who devised the alleged criteria, or who was responsible for implementing the criteria in a manner that violated his constitutional rights. Finally, Jordan-Bey's allegations about his being housed with convicted inmates, being "paid slave wages," given substandard medical treatment, fed food lacking nutrients and vitamins that also may not have comported with his religious tenets, the cost of phone service and commissary items, and a risk of harm due to his underlying medical conditions are also not plausible since they are too vague, he does not allege he suffered actual harm from any of these things, or that such harm was traceable to Carney or Ferrell based on their supervisory roles at PICC.

The Court cannot, however, state that Jordan-Bey can never assert a plausible claim against these Defendants. Accordingly, the claims against Carney and Ferrell will be dismissed without prejudice and Jordan-Bey will be permitted an opportunity to file an amended complaint if he can cure the defects the Court has identified in his claims against Carney and Ferrell.

## IV.     CONCLUSION

For the foregoing reasons, the Court will dismiss Jordan-Bey's Complaint for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Jordan-Bey's claims against Defendants Lane, Echmendia, Carney and Ferrell are dismissed without prejudice and Jordan-Bey may file an amended complaint if he can cure the defects the Court has identified in his remaining claims against these Defendants. The Philadelphia Department of Prisons is dismissed with prejudice.

An appropriate Order follows.